UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

PAUL HERNANDEZ,

   Petitioner,

v.

Warden ANDERSON,

   Respondent.

Civil No. 05-1409 (DSD/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. His petition indicates that he is serving a 120-month federal prison sentence, which was imposed in 1999 in the United States District Court for the Southern District of Florida.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner is not presently challenging the validity of his conviction or sentence. Instead, he is claiming that the federal Bureau of Prisons, ("BOP"), has misinterpreted the federal statute that governs the award of "good time credit" to federal prisoners, and that the BOP has therefore miscalculated the date when he should be released from prison.

According to Petitioner, he should be allowed to earn up to 54 days of good time credit per year, but he actually earns no more than 47 days under the BOP's allegedly erroneous construction of the statute. He is seeking a writ of habeas corpus that would compel the BOP to accept his construction of the good time credit statute, and award him the additional good time credit that he would thereby earn. For the reasons discussed below, the Court finds that Petitioner's claims must be rejected, and his habeas corpus petition must be dismissed.

## II.    DISCUSSION

Congress has authorized the BOP to give federal prisoners time off their sentences, i.e., "good time credit," if they comply with prison regulations. The statute authorizing the award of such good time credit is 18 U.S.C. § 3624(b)(1), which provides that –

> "a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

There also is a BOP regulation pertaining to good time credit, which is set forth at 28 C.F.R. § 523.20. The regulation provides that –

2

"Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter). Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.

(a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter)."

The BOP has interpreted the statute and regulation to mean that an inmate can earn 54 days of good time credit for each year that he is <u>actually in prison</u>. Petitioner, on the other hand, contends that he should get 54 days of good time credit for each year of the <u>sentence imposed</u> by the trial court judge in his criminal case. A prisoner will always earn less good time credit under the BOP's interpretation of the statute, because the length of a prisoner's actual imprisonment will always be less than his original sentence, (unless, of course, the prisoner's disciplinary record is so poor that he loses every possible day of good time credit).

3

According to the BOP's formula for calculating a prisoner's release date, a prisoner is awarded 54 days of good time credit at the end of the first full year of his actual imprisonment, (assuming he has not lost any good time credit for disciplinary reasons), and the prisoner's projected release date is then moved forward by 54 days. The same calculation is repeated each year thereafter on the anniversary of the commencement date of the prisoner's sentence: 54 days of good time credit is awarded, and the prisoner's projected release date is advanced accordingly. When the BOP performs the last annual recalculation of a prisoner's release date, i.e., when the prisoner gets to the point where he is less than a full year away from his projected release date, the final projected release date is calculated on a prorated basis: 54 days per year, multiplied by the number of days remaining until the prisoner's currently projected release date. Thus, under the BOP's formula, a well-behaved prisoner does not get 54 days of good time credit for each year of his original imposed sentence. Instead, he gets 54 days of good time credit for each full year that he actually serves, plus a proportionate number of days for the final fractional year that he actually serves.

Petitioner claims that he is being shortchanged by the BOP's good time calculation formula. According to Petitioner, good time credit should be awarded at the rate of 54 days per year for each year of the sentence that was originally imposed – not 54 days per year for each year actually served.

The dispute over the calculation of good time credits stems from different interpretations of the phrase "term of imprisonment" as used in § 3624(b)(1). Petitioner contends that "term of imprisonment" must mean the full term of the original prison sentence

imposed by the trial court. The BOP contends that "term of imprisonment" means the number of days that the prisoner actually spends in prison – i.e., the number of days between the commencement date of his sentence and his final projected release date.

The resolution of the dispute between the Petitioner and the BOP hinges on whether the phrase "term of imprisonment," as used in § 3624(b)(1), is clear on its face and means what the Petitioner thinks it means, or whether that phrase is ambiguous and susceptible to the construction adopted and applied by the BOP. The Petitioner contends that "term of imprisonment" can mean only the sentence originally imposed by the trial court, and that § 3624(b)(1) therefore mandates that federal prisoners are eligible for 54 days of good time credit for each year of the sentence imposed. The BOP, on the other hand, has asserted that the "term of imprisonment" can properly be interpreted to mean the period of time that a prisoner is actually incarcerated.

The dispute over the meaning of the phrase "term of imprisonment," as used in § 3624(b)(1), was squarely addressed and resolved in two recent decisions by the Eighth Circuit Court of Appeals – James v. Outlaw, No. 04-2686 (8th Cir. March 24, 2005), 2005 WL 677769 (unpublished opinion), and United States v. Wittman, No. 04-3488 (8th Cir. July 18, 2005), 2005 WL 1663134 (unpublished opinion). In both of those cases, the Court of Appeals concluded that (a) the good-time credit statute is ambiguous, and (b) the BOP's interpretation of the statute is reasonable. Every other federal appellate court that has considered the matter has reached the same conclusion. Brown v. McFadden, No. 04-14132 (11th Cir. July 12, 2005), 2005 WL 1618739; Yi v. Federal Bureau of Prisons, No. 04-6891 (4th Cir. June 17, 2005), 2005 WL 1413897; O'Donald v. Johns, 402 F.3d 172 (3rd Cir. 2005); White v. Scibana,

390 F.3d 997 (7th Cir. 2004), cert. denied, 125 S.Ct. 2921 (2005); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); Perez-Olivio v. Chavez, 394 F.3d 45 (1st Cir. 2005); Brown v. Hemingway, No. 02-1948 (6th Cir. 2002), 2002 WL 31845147 (unpublished opinion).

Based on the reasoning and authority of James and Wittman, and all of the other circuit court cases cited above, this Court finds that the phrase "term of imprisonment," as used in § 3624(b)(1), is ambiguous, and that the BOP's interpretation of that phrase is reasonable. The Court therefore concludes that the BOP's construction of the good time statute should be upheld, and that Petitioner's present habeas corpus petition should be summarily dismissed.

### III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED WITH PREJUDICE.

Dated: July 22, 2005

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 5, 2005.